The decision below is signed as a decision of

the court.

Signed: January 20, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
OSCAR L. JACKSON,              )    Case No. 08-00755
                               )    (Chapter 13)
        Debtor.                )    Not for Publication in
                               )    West's Bankruptcy Reporter

MEMORANDUM DECISION RE TRUSTEE'S
MOTION SEEKING DISGORGEMENT OF FEES

The trustee's unopposed motion seeking to require the debtor's attorney to disgorge fees for filing a petition when the debtor had not obtained prepetition credit counseling as generally required by 11 U.S.C. § 109(h) will be granted. Exhibit D to the debtor's petition invoked the temporary waiver provision of § 109(h)(3)(A) to the prepetition credit counseling requirement, but there is no evidence establishing that filing Exhibit D was conduct that complied with the requirements of F.R. Bankr. P. 9011.  The trustee alleges that in filing the petition and its Exhibit D, the attorney did not act on the basis of "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" as required by Rule 9011(b) with respect to either the law or the facts relating to whether

those filings were proper.

I

The debtor's attorney bears the burden of going forward with evidence to establish that he complied with Rule 9011, but he has remained silent.[1]  As to Rule 9011(b)((3), the prong of Rule 9011(b) dealing with factual representations, the debtor's attorney has not set forth any evidence that supports the factual representations of Exhibit D.  I can only infer that the factual contentions of Exhibit D "have no evidentiary support" within the meaning of Rule 9011(b)(3).  Nor has the attorney set forth evidence demonstrating that, nevertheless, his belief that the factual contentions did have evidentiary support was formed after an inquiry reasonable under the circumstances.

Illustratively, consider the factual contention in Exhibit D that the debtor had sought credit counseling but the agency was unable to provide it within five days of the making of the request.  In failing to respond to the trustee's motion, the debtor's attorney has deprived this court of any information regarding what the debtor did with respect to attempting to obtain credit counseling, and what inquiry the debtor's attorney made, before filing Exhibit D, in that regard.  My understanding

---

[1] I need not decide who has the ultimate burden of persuasion once an attorney does come forward with evidence that standing alone would satisfy his burden of going forward with the production of evidence, but the opposing party then presents evidence to the contrary.

is that credit counseling is readily available in this district within five days from most approved credit counseling agencies, yet the debtor's attorney has failed to file an opposition identifying the agency that was unable to provide credit counseling within five days.[2]

II

With respect to Rule 9011(b)(2), the prong of Rule 9011 that addresses legal contentions, no reasonable inquiry could have led the attorney to conclude that if the factual representations in Exhibit D were untrue, the filing was "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law" within the meaning of Rule 9011(b)(2). The attorney would not be able to defeat the trustee's motion by contending that it does not matter whether the factual representations in Exhibit D were inaccurate.  If an attorney knows (or should know under the standards of Rule 9011(b)) that facts do not exist that support an exception to the requirement of prepetition credit counseling, an attorney has no business filing a petition on the debtor's behalf.  Besides, an attorney has an obligation to comply with Rule 9011 with respect to

---

[2] If an attorney has his client contact a credit counseling agency that is unable to provide credit counseling promptly, the attorney would be well advised to have his client attempt to turn to one that can.  Unless reasonable efforts at such an attempt are made, a court might not find a § 109(h)(3) certification "satisfactory" as required by § 109(h)(3)(A)(iii).

3

factual contentions even if he has a reasonable belief that those factual contentions are unnecessary, as a matter of law, to justify his legal contentions.

    Moreover, Exhibit D failed to supply certain required factual detail, and Exhibit D must be viewed as making a legal contention (that a waiver is justified) despite failure to supply such factual detail either in Exhibit D or in response to the trustee's motion.  The debtor's Exhibit D failed as required by the Official Form to summarize the exigent circumstances that supported invoking the temporary waiver provision.  Without the attorney's having filed an opposition to the trustee's motion, the record contains no allegation of facts establishing any exigent circumstances that the court could find to be satisfactory to justify a waiver.  As a matter of law, filing a petition when no facts exist to demonstrate exigent circumstances cannot be viewed as complying with the attorney's obligations with respect to the legal contention in Exhibit D.  No attorney could reasonably believe that a waiver could be obtained if he could not set forth any facts to support the assertion in Exhibit D that exigent circumstances existed.

                                             III

    Sanctions are thus appropriate.  Rule 9011(c) requires that the sanctions "be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others

similarly situated."  If counsel were to retain any compensation for having filed the petition and related papers, that would provide an incentive for other attorneys to engage in the same or comparable conduct.  Accordingly, I will require that the attorney not retain any of the fees received.

The trustee seeks either to have fees disgorged to the clerk of the court or disgorged to the debtor.  I conclude that payment to the clerk is the appropriate sanction.  Under Rule 9011(c), the court can enter "an order to pay a penalty into court."  The court can also order a disgorgement to the debtor on the basis that the services were theoretically of no value to the debtor because the petition was dismissed, 11 U.S.C. § 329(b), and because Rule 9011(c) would permit that as a sanction to deter repetition of the conduct in which the debtor's counsel engaged.  But often the debtor *does* benefit from the filing of an invalid petition as it gains the debtor the benefit of the automatic stay of 11 U.S.C. § 362(a), and can stave off an impending foreclosure sale or other effort to collect a debt, and the debtor has not attempted to urge that he did *not* benefit from the filing of the petition (such that disgorgement to him is the preferred sanction).  Moreover, unless there were some benefit to the debtor's filing before he had credit counseling in hand, there was no apparent reason for his counsel to file the petition without waiting until credit counseling was in hand.  It would

not be appropriate to adopt as a Rule 9011(c) sanction disgorgement of fees to a party who benefitted from the improper filing. Accordingly, I will direct the debtor's counsel to pay to the clerk of the court an amount equal to the attorney's fees that he received in this case.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.